852 F.2d 568
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald D. BROWN, Plaintiff-Appellant
v.
Bill RANDELL, Broadway Music Publication, et al., Defendant-Appellee
 No. 88-3310.
 United States Court of Appeals, Sixth Circuit.
 July 22, 1988.
 
 1
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and JAMES H. JARVIS, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Ronald D. Brown, pro se, moves for appointment of counsel and seeks to reverse the judgment of the district court dismissing his breach of contract claim for lack of jurisdiction. Plaintiff had sought federal jurisdiction for his breach of contract action on the basis of diversity jurisdiction. Plaintiff alleged that he had suffered damages in excess of $10,000. The complaint reveals, however, that plaintiff had contracted with defendants for the setting of certain of his poems and other writings to music. Defendants were also to attempt to obtain publication of the resulting song. The total cost to plaintiff for defendants' services was $135, payable in monthly installments of $10. When plaintiff did not receive a receipt after his payment of the fourth installment, he instigated a series of communications which led to the defendants' cancellation of the contract, including the refund of all monies expended. Plaintiff then filed this action.
 
 
 4
 Despite plaintiff's assertions that he has suffered $25,000 in damages, apparently calculated by speculating as to the potential royalties a published song could receive, we do not believe this is sufficient to confer diversity jurisdiction upon the federal courts. At most, plaintiff was deprived of $40, the amount which he had tendered to defendants pursuant to their contract. Because plaintiff's entitlement to royalties is highly speculative, it cannot be used as a basis for finding that plaintiff has made a claim for damages sufficient to meet the $10,000 amount in controversy requirement of 28 U.S.C. Sec. 1332(a).
 
 
 5
 Pursuant to Rule 9(b)(5), Rules of the Sixth Circuit, we deny plaintiff's motion for counsel and affirm the district court's order dismissing this action for failure to satisfy the requirements of diversity jurisdiction.
 
 
 
 *
 The Honorable James H. Jarvis, United States District Judge for the Eastern District of Tennessee, sitting by designation